IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

———————————

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

        Plaintiff,

v.   No. CV 15-01156 WJ/KK

SHELLY ALLEN, individual and as
Next Friend of JOSIAH ALLEN, and as
Surviving Spouse of JOSHUA ALLEN, Deceased;
and JANE DOE, Personal Representative of
the Wrongful Death Estate of JOSHUA ALLEN, Deceased,

        Defendants.

## MEMORANDUM OPINION AND ORDER STAYING RESOLUTION OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

THIS MATTER comes before the Court upon Plaintiff's Motion for Summary Judgment (**Doc. 29**), filed April 21, 2016. Having reviewed the parties' filings and the applicable law, the Court *sua sponte* orders a stay on resolving Plaintiff's Motion for Summary Judgment pending resolution of Defendants' insurance settlement in Texas state court.

### BACKGROUND

On February 24, 2014, Decedent Joshua Allen was driving a 2005 Toyota Sienna in El Paso, Texas when he was involved in a vehicle collision with Jesus Barrera. As a result of the accident, both drivers suffered fatal injuries. On April 3, 2015, Defendant Shelly Allen, individually and as next friend of Josiah Allen and surviving spouse of Joshua Allen, filed a lawsuit in County Court No. 3 of El Paso County, Texas against the Estate of Jesus Barrera, State Farm Mutual Automobile Insurance Company, and other defendants.

Plaintiff State Farm Mutual Automobile Insurance Company ("State Farm") filed a Complaint for Declaratory Relief (**Doc. 1**) on December 21, 2015 against the Allens ("Defendants"). State Farm provided automobile insurance coverage to both Shelly Allen and Joshua Allen, insuring the 2005 Toyota Sienna involved in the collision under Policy Number 093-1336-A08-31, as well as a 2003 Volkswagen Beetle under Policy Number 069-4667-C07-31D. For each policy, State Farm provided relevant coverage of bodily injury liability of up to $50,000 for each person. Jesus Barrera was insured by Nationwide Insurance Company ("Nationwide"), which provided relevant coverage of bodily injury liability in the amount of $100,000. In its Complaint for Declaratory Relief, State Farm alleged that it had no duty to pay uninsured/underinsured motorist coverage to the Defendants because State Farm was entitled to an offset of the amount of liability coverage recovered by the Defendants from Nationwide. Defendants filed an Answer and a Motion to Dismiss for Want of Jurisdiction (**Doc. 10**) on March 2, 2016, arguing that this Court lacked subject matter jurisdiction on the basis that the amount in controversy was only $50,000, well short of the greater-than-$75,000 amount in controversy requirement for federal diversity jurisdiction. In a Memorandum Opinion and Order (**Doc. 23**) filed on April 6, 2016, this Court determined that State Farm had properly alleged an amount exceeding the $75,000 amount in controversy requirement and denied Defendants' Motion to Dismiss for Want of Jurisdiction.

State Farm subsequently filed a Motion for Summary Judgment (**Doc. 29**) on April 21, 2016. Defendants filed a Response (**Doc. 30**) on May 5, 2016, and State Farm filed its Reply (**Doc. 31**) on May 12, 2016.

## DISCUSSION

In its Motion for Summary Judgment, State Farm argues that Defendants have negotiated

a settlement to recover liability limits under Jesus Barrera's Nationwide policy, pending court approval. State Farm argues that because New Mexico's uninsured motorist statute requires that State Farm's uninsured/underinsured motorist coverage be offset by the liability coverage Defendants recover from Nationwide, this Court should enter summary judgment concluding that State Farm has no duty to pay uninsured/underinsured motorist coverage to the Defendants. *See* N.M. STAT ANN. § 66-5-301 (1978). In their Response, Defendants assert that the settlement with Nationwide has not yet been consummated, and thus, it remains an open question as to whether the Nationwide settlement will be finalized on the terms represented. Additionally, Defendants argue that no claim for policy benefits is presently asserted against State Farm in the underlying Texas state court litigation. In its Reply, State Farm argues that it is unlikely that the settlement Defendants seek to reach with Nationwide will not be approved by the Texas state court.

      The Court finds that the most pragmatic and practical route to resolve State Farm's assertion that it is entitled to an offset of liability coverage and Defendants' assertion that their settlement with Nationwide has yet to be finalized is to stay resolution of State Farm's Motion for Summary Judgment. This course of action will satisfy the interests of judicial economy, reduce costs to the parties, and save the Court's time. A federal district judge has wide discretion to use the inherent power of the federal court to promote judicial efficiency. In the declaratory judgment context, which this Motion is akin to, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration. *See Wilton v. Seven Falls*, 515 U.S. 277, 288 (1995). The Court further finds that a stay will neither significantly prejudice either party nor cause any particular hardship or inequity.

      This stay will remain in place until Defendants' settlement is either approved by the

Texas state court or not approved and the matter proceeds to litigation. In either case, either party is to notify the Court when there is a final resolution of the Texas state court litigation.

## CONCLUSION

Accordingly, the Court *sua sponte* orders a stay of the resolution of Plaintiff's Motion for Summary Judgment pending resolution of Defendants' insurance settlement in Texas state court. Either party is to notify the Court of the approval of Defendants' settlement or if the matter is not approved and proceeds to litigation.

**SO ORDERED**

_____
UNITED STATES DISTRICT JUDGE